IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BCL MANUFACTURING, INC., | ) | Case No. 3:22-cv-128 |
| | ) | |
| | ) | JUDGE STEPHANIE L. HAINES |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BIOHITECH AMERICA, LLC, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I.     Introduction

Before the Court is Plaintiff BCL Manufacturing, Inc.'s ("Plaintiff") Motion for Default Judgment against Defendants BioHitech America, LLC; BioHitech Global, Inc.; and Renovare Environmental, Inc. (collectively "Defendant"). (ECF No. 18).   For the reasons that follow, the Court will **DENY** Plaintiff's Motion.  Plaintiff may file a motion for leave to file an amended complaint within thirty (30) days of this order to clarify the issue of jurisdiction.

### II.     Background

In its Complaint (ECF No. 1), Plaintiff alleges claims for breach of contract, unjust enrichment, and promissory estoppel.  These claims arise out of a longstanding relationship between Plaintiff and Defendants.  Plaintiff alleges that this relationship consisted of Defendants submitting purchase orders to Plaintiff requesting certain products, items, equipment, and/or materials and Plaintiff would subsequently manufacture and supply these requested items.  Beginning around February 2021, Plaintiff and Defendants entered into an agreement concerning five purchase orders.  (ECF No. 1 ¶ 14-15).  This agreement was based on communications between the parties related to the purchase orders Defendants submitted to Plaintiff.  (*Id.* ¶ 16).  Plaintiff subsequently manufactured, fabricated, constructed, built, created, and furnished the requested products, items, equipment, materials, goods, and services related to these five purchase orders from July to October 2021.  (*Id.* ¶ 18).  Plaintiff sent Defendants nine invoices.  (*Id.*).

Plaintiff alleges that Defendants partially paid several invoices, but that Defendants have failed to pay various amounts owed from the nine invoices, totaling $148,212.88. (*Id.* ¶ 19, 20-21).

Plaintiff filed its Compliant on August 8, 2022. (ECF No. 1). Summons were issued to the Defendants and the Return of Service was executed by all Defendants, showing that they were all served on October 5, 2022. (ECF No. 13). Subsequently, Plaintiff requested an entry of default against Defendants. (ECF No. 14). The Clerk entered default on November 17, 2022. (ECF No. 15). Defendants did not respond or take any action in this matter.

On September 3, 2025, the Court held a telephonic status conference whereby the Court discussed the status of the case in light of the Clerk's entry of default. (ECF No. 16). Defendants did not appear and have no counsel of record. Plaintiff's counsel indicated that Plaintiff intended to file a motion for entry of default judgment in the near future. (*Id.*).

On May 26, 2026, the Court entered an Order to Show Cause. (ECF No. 17). This Order asked Plaintiff to show cause as to why the case should not be dismissed for failure to prosecute. On June 18, 2026, Plaintiff filed a Motion for Default Judgment. (ECF No. 18). The next day, Plaintiff filed a Response to the Order to Show Cause stating that the Motion for Default Judgment cured any issues raised by the Court at the status conference. (ECF No. 19 ¶ 9).

Plaintiff's Motion for Default Judgment (ECF No. 18) includes an affidavit of counsel in support of default judgment (ECF No. 18-1) and a table of the invoices billed to Defendants with a total amount owed of $148,212.88. (ECF No. 18 ¶ 8).

### III.    Legal Standard

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk enters default, the party seeking default judgment must ask either the clerk or the court to enter a default judgment. Fed. R. Civ. P. 55(b). In order for the clerk to enter a default judgment, the plaintiff's claim must be for either a sum certain or a "sum that can be made certain by computation." *Id.* In all other cases, a party must apply

2

to the court for default judgment. *Id.* Outside of the parameters of Rule 55, "the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

The United States Court of Appeals for the Third Circuit has provided district courts with some factors to guide the exercise of their discretion. The Third Circuit has stated that "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted). When the defendant is in default and has not opposed the motion for default judgment, district courts give less deference to these factors. *See Broadcast Music, Inc. v. George Moore Enters., Inc.*, 184 F. Supp. 3d 166, 170 (W.D. Pa. 2016).

In addition, "prior to the entry of default judgment, the [d]istrict [c]ourt must satisfy itself that the [c]ourt has both subject matter jurisdiction over the action and personal jurisdiction over the defendant against whom the default judgment is sought." *Harris v. Dollar General Corp.*, Civil Action No. 16-416, 2016 WL 2733227, at *1 (W.D. Pa. May 11, 2016) (citing *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991)); *see Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015) ("If a court lacks personal jurisdiction over a defendant, the court does not have jurisdiction to render a default judgment, and any such judgment will deemed [*sic*] void."). Finally, before entering a default judgment, the court must determine whether the well-pleaded facts in the plaintiff's complaint state a claim against the defendant. *See Caplan v. Premium Receivables LLC*, No. 2:15-cv-474, 2015 WL 4566982, at *1 (W.D. Pa. July 29, 2015).

**IV.    Discussion**

Based on the above-described standard, before entering default judgment, a district court must be satisfied that (1) the *Chamberlain* factors favor the entry of default judgment, (2) the court has subject matter and personal jurisdiction, and (3) the plaintiff's complaint plausibly states a claim.

First, assessing the *Chamberlain* factors, the Court finds that the factors favor granting default judgment. Plaintiff will clearly be prejudiced if default judgment is denied—because Defendants have yet

3

to respond or appear in any way, Plaintiff's claims and potential for recovery will remain indefinitely suspended in legal limbo unless default judgment is entered. Furthermore, because Defendants have not filed an answer or motion to dismiss, the Court has no knowledge of any defenses Defendants may have. Similarly, because Defendants have not appeared, the Court cannot evaluate whether Defendants have a good reason for delay that could weigh against granting default judgment. Thus, the *Chamberlain* factors support the entry of default judgment in favor of Plaintiff.

Second, the Court is not satisfied that it has subject matter jurisdiction over this matter. Plaintiff alleges the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. In this regard, Plaintiff alleges the following as to citizenship of Defendants: (1) Defendant BioHiTech America, LLC is a limited liability company formed under the laws of Delaware with a principal place of business in New York; (2) Defendant BioHiTech Global, Inc. is a Delaware business corporation with a principal place of business in New York; and (3) Defendant Renovare Environmental, Inc., is a business corporation formed under the laws of Delaware with a principal place of business in New York. (*Id.* ¶ 2-4). While the Court is satisfied that Defendants BioHitech Global, Inc. and Renovare Environmental, Inc. are citizens of Delaware and New York for purposes of subject matter jurisdiction, the Court is unsure of the citizenship of Defendant BioHiTech America, LLC as this Defendant is a limited liability company and its citizenship is determined by the citizenship of its members. *See Zambelli Fireworks MFG. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

As to personal jurisdiction, in accordance with Federal Rule of Civil Procedure 4(h), Plaintiff served agents of Defendants authorized by law to receive service (*see* ECF No. 13), which removes concerns related to proper service. Rule 4(h) permits a district court to assert personal jurisdiction over a non-resident corporate defendant to the extent the forum state allows. Here, as to Defendants BioHitech Global, Inc. and Renovare Environmental, Inc., which are non-resident defendants, Pennsylvania's long arm statue confers jurisdiction to the extent allowed by the U.S. Constitution. 42 Pa. Cons. Stat. Ann. § 5322(b) (Purdon 1981). Plaintiff is a Pennsylvania business corporation with its principal place of business in Pennsylvania. (ECF No. 1 ¶ 1). As Defendants sent Plaintiff, a Pennsylvania corporation, purchase

4

orders to fulfill, Defendants' activities with Pennsylvania, the forum state, led to this cause of action and specific personal jurisdiction exists. *See Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539 (3d Cir. 1985). As such, the Court has personal jurisdiction over Defendants BioHitech Global, Inc. and Renovare Environmental, Inc. The Court is unable to assess whether it has personal jurisdiction over Defendant BioHiTech America, LLC as it cannot determine if it is a non-resident as its citizenship is not clear for the reasons explained above.

As the Court is not satisfied that it has subject matter and personal jurisdiction over this entire matter, it will not analyze whether Plaintiff has plausibly stated claims for breach of contract, unjust enrichment, and promissory estoppel.

## V.    Conclusion

For the reasons stated above, the Court will **DENY** Plaintiff's Motion for Default Judgment. Should Plaintiff desire to file an amended complaint to clarify jurisdiction in this matter, Plaintiff shall file a motion for leave to file an amended complaint within thirty (30) days of this Order.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BCL MANUFACTURING, INC.,** | ) | **Case No. 3:22-cv-128** |
| | ) | |
| | ) | **JUDGE STEPHANIE L. HAINES** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **BIOHITECH AMERICA, LLC,** *et al.,* | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

**NOW**, this ____9th____ day of July, 2026, upon consideration of Plaintiff's Motion for Default Judgment (ECF No. 18), it is **HEREBY ORDERED** that Plaintiff's Motion is **DENIED**. Should Plaintiff desire to file an amended complaint to clarify jurisdiction in this matter, Plaintiff shall file a motion for leave to file an amended complaint within thirty (30) days of this Order.

**BY THE COURT:**

**STEPHANIE L. HAINES**
**UNITED STATES DISTRICT JUDGE**

6